## THE MARINE INSURANCE COMPANY OF ALEXANDRIA v. HODGSON.

ERROR to the circuit court of the district of Columbia.

The former judgment of the court below in this cause, in favour of the now plaintiffs in error, having been reversed in this court, and the cause sent back for the trial of the issues of fact,* the plaintiffs in error, before the cause could be regularly called for trial according to the rules and practice of the court, moved the court below for leave to amend the pleadings by adding to the former eight pleas, a *ninth* and a *tenth* plea, in the words following:

9th plea. And the said defendants, by their attorney aforesaid, by leave of the court, and by virtue of the statutes in such cases made and provided, for further plea in this behalf say, that the said plaintiff ought not to have and maintain his action aforesaid against them, because they say, that the said marine insurance company (by the act of assembly of Virginia incorporating said company, which act of assembly they now bring here into court) are authorized to make rules and regulations for the conducting the business of the said corporation, and that one of their said rules and regulations requires that every order for insurance shall be made in writing, and shall contain the name of the vessel and master, the place from whence and to which insurance is required to be made, with as full a description of the vessel and voyage as can be given thereof, and especially as to her age, tonnage and equipment, and that it was always and is the practice of the said insurance company to make no insurance upon the body of a ship, her tackle, apparel and furniture, beyond the reasonable value thereof according to the representation and description given thereof as to her age, tonnage and equipment, which rule and practice diminishes the risks of insurance in

The refusal of an inferior court to allow a plea to be amended, or a new plea to be filed, or to grant a new trial, or to continue a cause, cannot be assigned as error.

After a cause is remanded to the inferior court, such court may receive additional pleas, or admit amendments to those already filed, even after the appellate court has decided such pleas to be bad upon demurrer.

In an action of *covenant* on a policy *under seal*, all special matter of defence must be pleaded. Under the plea of *covenants performed*, the defendant cannot give evidence which goes to vacate the policy.

In order to prove the condemnation of a vessel it is only necessary to produce the *libel* and *sentence*.

It is a useless

* See *ante*, v. 5. p. 109.

regard to losses contrived, designed, effected and concealed by the insured when they are greatly over insured ; and that the said rule and practice was, at the time of making and concluding the contract aforesaid in the declaration mentioned, well known to each of the said parties making the said contract ; and that to induce them, the said defendants, to sign, seal and deliver the aforesaid policy of insurance, thereby insuring to the value of eight thousand dollars upon the body, tackle, apparel and other furniture of the brigantine Hope aforesaid, he the said plaintiff, in effecting the said policy on the 30th of September, in the year 1799, at the county aforesaid, stated and represented that the said brigantine in the month of July, in the year last mentioned, was a stout well built vessel of about 250 tons burden, in good order, and well found in sails, rigging, &c. built in Massachusetts, and from six to seven years old, and requested an insurance upon the said brigantine, her tackle, apparel and furniture, rating her value at the sum of 10,000 dollars for the voyage in the declaration mentioned at the commencement of the risks to be insured.    And the plaintiff represented to the defendants on the same 30th day of September, in the year 1799, at the county aforesaid, that the said brigantine, her tackle, apparel and furniture, were of the value of 10,000 dollars, at the time the risks of the voyage to be insured by the contract aforesaid, would commence; and the defendants aver, that in consequence of the said representation, and placing full faith and credit therein, they were induced to sign, seal and deliver, and did sign, seal and deliver the said policy of insurance on the said 30th day of September, in the year aforesaid, at the county aforesaid, to the plaintiff, thereby agreeing in the said policy to fix the value of the said brigantine, her tackle and apparel and other furniture, at the sum of 10,000 dollars, and thereby insuring to the amount of 8,000 dollars for the voyage aforesaid, upon the said brigantine, her tackle, apparel and furniture. And the said defendants further aver, that the said brigantine Hope was not, in the month of July, in the year aforesaid, or at any time, a well built vessel of the burden of about 250 tons, and was

MAR. IN. Co.
v.
HODGSON.

practice to read the proceedings at length. The depositions stated in such proceedings are not evidence in an action upon the policy of insurance.

In an action upon a *valued* policy, it is not competent for the underwriters to give parol evidence that the real value of the subject insured is different from that stated in the policy.

MAR. IN. Co.
v.
HODGSON

not from six to seven years old in the said month of July, in the year aforesaid, but was much older than from six to seven years old in the said month of July, in the said year, that is to say, more than eight and a half years old, and had been ill built in the year 1790, in the province of Maine, in Massachusetts, and thereafter was raised upon and rebuilt; that the value of the said brigantine, her tackle, apparel and furniture, was never at any time whatever equal to one half the said sum of 8,000 dollars. And the defendants say that the difference aforesaid between the true built, age, tonnage and value of the said ship, and the aforesaid represented built, age, tonnage and value thereof was material in regard to the risks of the voyage in the said policy of insurance mentioned, and this they are ready to verify; wherefore they pray judgment, &c.

10th plea. And the said defendants, by their attorney aforesaid, by leave of the court and of the statutes in such cases made and provided, for further plea in this behalf say, that the said plaintiff ought not to have or maintain his action aforesaid against them, because they say that the said policy of insurance was had and obtained of them *by means of the fraud of the said George F. Straas* in the declaration mentioned, with intent to deceive and defraud the said defendants of a large sum of money that is to say, of the difference between the just and fair value of the said brigantine, her tackle, apparel and furniture and the sum of 8,000 dollars intended to be insured by the said policy, which difference exceeded one half the sum last mentioned, that is to say, exceeded 4,000 dollars, and this they are ready to verify; wherefore they pray judgment, &c.

But the court below refused to permit the pleadings to be so amended, in consequence of which the cause went to trial upon the three issues of fact which had already been joined, viz.

1. That the defendants " have well and truly done

and performed all things they by the said policy of in- <span style="float:right">Mar. In. Co.<br>v.<br>Hodgson.</span>
surance were *bound* to perform."

2. That the brigantine Hope " was not taken and
seized by certain British vessels and carried into Jamaica and there libelled, condemned and sold in manner and form as in the declaration is set forth ;" and,

3. That the brigantine Hope was not, when she
sailed from her last port in the island of St. Domingo,
on the voyage insured, a good, sound, staunch, seaworthy ship, able to perform the voyage insured.

Upon the trial of these issues the defendants offered
evidence of the facts stated in the ninth and tenth
pleas, which the court rejected as inapplicable to either
of the issues. To which refusal the defendants excepted.

The defendants also offered in mitigation of damages,
evidence to prove that the vessel, at the time she sailed
upon the voyage insured, was nc *worth* one half the
sum insured, and that the high valuation in the policy
was produced by an untrue and unfair representation,
on the part of the insured, of the age, tonnage and
built of the vessel, and that the misrepresentation in
those respects was material to the contract of insurance, and thereupon prayed the court to instruct the
jury that if they found the facts to be so, they ought
not to take the valuation stated in the policy as the
true value of the subject intended to be insured, but in
assessing the damages of the plaintiff, they ought to
take the *just value* of the said brig, &c. at the commencement of the risk insured, although all the issues
of fact should be found for the plaintiff. Which instruction the court refused to give, having already instructed the jury, in case they should find the issues
for the plaintiff, to reserve, for the decision of the court,
the question as to the principle upon which the damages should be estimated and assessed. To which refusal the defendants also excepted.

The plaintiff, for the purpose of proving the libe.

and condemnation in the declaration mentioned, produced and read to the jury, without objection at the time on the part of the defendants, a copy of the whole record and proceedings in the vice-admiralty court at Jamaica, respecting which the counsel for the parties had entered into the following agreement, viz. " The defendants waive all exceptions to the authentication of the record of the proceedings in admiralty concerning the condemnation of the brig Hope, but save every objection to the contents of the said record excepting the matter of authentication. The plaintiff admits, as evidence, the affidavit of Gibson & Evans."

After the reading of which, the defendants, in order to prove that the vessel was not, at the time of capture, in the due course of the voyage insured, and the condition she was then in, offered to read in evidence to the jury, from the said record of proceedings, a copy of the deposition of William Murray, taken *in preparatorio*, to be used in the said court of vice-admiralty.

But the court instructed the jury that the said deposition of the said William Murray, so taken, is not competent evidence in this cause to prove the said facts. To which instruction the defendants excepted.

The plaintiff moved the court to direct the jury, that if, from the evidence, they find all the issues of fact for the plaintiff, then they should find their verdict in the following form, viz. " We of the jury find all the issues of fact joined in this cause for the plaintiff, and do assess his damages by reason of the breach of covenant in the declaration mentioned, to the sum of ———. The amount of damages so assessed to be nevertheless subject to the opinion of the court upon the following point reserved, viz. if the value fixed in the policy, set out in the declaration be not conclusive upon the parties, and it be competent to the jury, under any of the issues of fact joined in this cause, to hear evidence concerning, and to inquire into the real value of the vessel in the said policy mentioned, so as to reduce the agreed value mentioned in the said policy, and

to estimate the plaintiff's damages according to such reduced value, as actually proved, then, and not otherwise, we assess the plaintiff's damages (in lieu of the sum above assessed) to the sum of ——. To which direction the defendants objected, and prayed the court if they gave the jury any instruction upon the subject, to direct them to find the smaller sum in damages, if the court should be of opinion that it was competent for the jury to hear evidence concerning the misrepresentation as to the age, built, and tonnage of the vessel.

But the court refused to give the instruction prayed by the defendants, having before refused to suffer the defendants to give evidence of misrepresentation by the plaintiff in obtaining the policy, under either of the issues of fact joined in this cause, to which refusal the defendants had taken a bill of exceptions. But the plaintiff having consented to permit the defendants to give evidence of the real value of the vessel at the time the risks insured commenced, (saving the objection to the competency of any parol evidence upon any of the said issues of fact, concerning the real value of the said subject insured,) the court directed the jury to find their verdict as prayed by the plaintiff.

To which refusal and instruction the defendants excepted.

The jury found a verdict in the form directed by the court, and filled the first blank with the sum of 11,452 dollars and 34 cents, and the other with the sum of 6,441 dollars and 71 cents.

The court, after consideration, rendered judgment for the largest sum, being of opinion that the value stated in the policy was conclusive between the parties.

The defendants brought their writ of error.

C. Lee, for the plaintiffs in error.

1. The court below ought to have permitted the ad-

MAR. IN. Co. ditional pleas to be filed. When a cause is sent back
v.      from this court with a mandate " that such further and
HODGSON.  other proceedings be had in the said cause, as, according
to *right and justice* and the laws of the United States,
and agreeably to the judgment of the said supreme
court, ought to be had," it is open to all amendments as
if it were an original cause, and as if the former plea
had been adjudged bad by the court below in the first
instance.

Amendments are permitted, even after judgment
upon demurrer, according to the discretion of the
court. And this court will reverse the judgment of the
court below, if it has not soundly exercised its discre-
tion. 5 *Term Rep.* 112. *Wilkins* v. *Despard.* 7 *Term
Rep.* 703. *The King* v. *The Grantford Corporation.* 1
*Cranch*, 117. *Resler* v. *Shehee.* 1 *Wash. Downman* v.
*Downman:* 1 *Burr.* 317. 322. 1 *Wash.* 313. 4
*Cranch*, 433. *Pollard* v. *Dwight.*

The 9th plea was different from any before offered.
And it was not necessary that the plea of fraud should
have been more specific. 3 *Wentw.* 414. 3 *Dall.* 321.
*Wischart* v. *Duchey.* 1 *Woodd.* 207. 3 *Co.* 77. *Ferrer's*
case.

The court ought to have received evidence of fraud
and misrepresentation upon the first issue, which was
in the nature of a general issue. The plea might per-
haps have been adjudged bad upon demurrer; but it is
aided by the joinder of issue upon it, and every thing
which could show that the defendants were not bound
by their covenant to do any thing, was admissible upon
this issue.

*System of Pleading*, 321. 5 *Com. Dig.* tit. *Pleader*,
E. pl. 37. C. 5 *Esp. Rep.* 38.

If the evidence was not directly admissible upon
either of the issues, it ought still to have been received
in mitigation of damages. The contract of insurance
is only a contract for indemnity; and if, upon a total
loss, the insured receive the full value of the subject

insured, it is all that he can in equity and good faith require. 4 *Burr.* 1966. *Da Costa* v. *Perth. Cowp.* 583. *Grant* v. *Parkinson.*

MAR. IN. CO.
v.
HODGSON.

In this very case this court has intimated an opinion that the misrepresentation might be a subject of consideration in inquiring of damages.

Upon a total loss, the value stated in the policy is only *prima facie* evidence. *Marshall*, 110, 111. 199. 612. 701. 2 *Atk.* 554. *Sadlers' Company* v. *Babcock.*

The court ought to have admitted the deposition of Murray to be read from the record of the vice-admiralty. By the British treaty the whole proceedings are made evidence.

The court also erred in rendering judgment upon the verdict for the larger sum. It was competent for the jury to hear evidence of the real value of the vessel, and to assess damages accordingly.

*Swann*, contra.

The court below committed no error in rejecting the 9th and 10th pleas. They were offered after the cause had been remanded from this court. There will be no end to delay, if the party be permitted to amend after judgment against him upon a writ of error.

As a matter of discretion also, the court did right in rejecting the 9th plea. They ought not to have indulged the defendants with filing a plea at that late stage of the cause, which tendered the same issue which they had refused to join when tendered by the plaintiff in his replication to the 6th plea. Besides, the matter of the plea was covered by the implied warranty of seaworthiness; for if the facts stated in the plea were at all material, they must have been so only in regard to the ability of the vessel to perform the voyage. The substance of this plea was therefore included in the issue of seaworthiness.

The admission or rejection of a plea after an issue

MAR. IN. Co.
v
HODGSON.

is joined, is not an error for which the judgment can be reversed. It is a mere matter of discretion; the party can have no legal ground to insist upon it. 7 *Term Rep.* 703. The principle that this court will not reverse a judgment for a proceeding in the court below which was within its discretion, has been decided in regard to the continuance of causes, and the granting new trials.

If it be a case in which a writ of error lies, still no error was committed by the court in the exercise of its discretion in rejecting the 10th plea. It is not a direct allegation of fraud, nor does it aver that any damage was sustained by the defendants in consequence of the fraud. The plea is not sufficiently explicit in charging the fraud; it does not state in what particulars the fraud consisted. Neither of the pleas cou'd be considered as a fair plea to the merits. They must have produced demurrers, and additional delay.

There was no error in rejecting the evidence of the facts stated in the 9th and 10th pleas, because there was no issue to which those facts could apply.

The plea that the defendants had performed all that they were *bound* to perform must be considered as an averment of a matter of fact, not of a matter of law. The only act which the defendants were bound to perform was to pay the money if a loss happened. The plea therefore amounts to an averment that they had paid the money.

There was no error in rejecting the copy of Murray's deposition; for it was not taken in the cause. The plaintiff had no opportunity to cross-examine him. It was entirely an *ex parte* proceeding.

There could be no error in the direction given by the court to the jury to find their damages in the alternative, or conditional manner; it is often done when a question of law is to be saved. It is a kind of special verdict. The error, if any, must have been in rendering the judgment for the largest sum.

4

The correctness of this judgment depends upon the question whether it was competent for the jury, upon either of the issues, to hear parol evidence of the value.

The policy was *sealed*, and subject to all the incidents of a sealed instrument at common law. The value agreed upon by the parties, under seal, cannot be denied by parol evidence. 4 *Bac.* 106. *Salk.* 276. 2 *Burr.* 1171. *Lewis v. Rucker.* 4 *Burr.* 2228. *Lawe v. Peers.*

But even if it were a policy without seal, the agreed value in the policy would be conclusive. *Park*, 104. 267. 1167.

The agreed value is conclusive unless it appears to be a cover for a wager. An inquiry of the actual value is never made upon a valued policy but with a view to ascertain whether it be a wager policy. There is not an instance in the English books of the agreed value ever being reduced to a smaller sum. Upon a total loss, the agreed value is to be recovered, or nothing. If this be not the case, and you can go into the question of the actual value, every policy is reduced to an open policy.

Suppose a man should make a bad bargain, and purchase a vessel for 10,000 dollars, not worth 5,000. He insures, and it is agreed that the vessel shall be valued at 10,000 dollars. A total loss happens; shall he be obliged to receive only the value of the vessel to be ascertained by a jury?

This is like every other case of liquidated damages; it is conclusive between the parties.

As to plea of fraud, it was too vague. The precedent cited from Wentworth is against them; the vessel in that case was stated to have been fraudulently *consumed by fire*. The case from Dallas is not relevant. The case of Pollard and Dwight is against them. The court there refused to direct the amendment to be made. The case from 1 *Wash.* 313. was upon a *special* demurrer, and it was most clear that the

Mar. In. Co.
v.
Hodgson.

justice of the case required the amendment. It was a case clearly within the equity of the statute of jeofails. In the case from 7 *Term Rep.* 703. the court did give leave to amend under the statute of jeofails, but it was in the exercise of its *discretion.*

*E. J. Lee,* in reply.

Amendments may be made at any time, even after verdict, and for that purpose a new trial will be granted. 7 *Term Rep.* 132. *Tomkinson* v. *Blacksmith.* Str. 1151. 1162. *Comb.* 4. 3 *Call,* 522. *Jude* v. *Syme.* 2 *Salk.* 622.

If the facts in the 9th plea would have vacated a policy not under seal, the court ought to have suffered them to be pleaded to a sealed instrument, especially after the 6th plea (which had been formerly adjudged good by the court below) had been rejected by this court. By that rejection the defendants were entirely shut out from the benefit of these facts upon the trial.

The misrepresentation was material to the *risks* of the voyage, and every such misrepresentation, whether fraudulently or innocently made, destroys the policy. *Marshall,* 335.

Fraud vitiates every contract, and may be examined into by a court of law. It has been decided that courts of equity have no jurisdiction of insurance cases. 3 *Bro. Parl. Cas.* 525. *De Ghetoff* v. *The London Assurance Company.* The contract of insurance is founded upon the principles of equity, and governed in all its parts by plain justice and good faith.

In a court of law a defendant may show that the consideration of a bond is bad. *Collins* v. *Blantern,* 2 *Wils.* 347. *Guichard* v. *Roberts,* 1 *W. Bl.* 445. 4 *Dall.* 269. *Jenk.* 254. *pl.* 45. 1 *Burr.* 396. 1 *Term Rep.* 619. *Winch* v. *Keely.*

In *covenant* the plaintiff can recover only such damages as he has *actually sustained,* and the defendant may

give in evidence any thing which shows that *no* damage has been sustained by reason of the breach of any covenant which the defendants were bound to perform. Evidence of fraud and misrepresentation went to show that the defendants were not bound to perform any of the covenants, and therefore the plaintiff was not entitled to damages. 2 *Selwyn*, 464.

*March* 17.

Livingston, J. delivered the opinion of the court as follows:

This is an action of *covenant*, on a policy of insurance, to which the defendants pleaded, 1. That they had performed all things which, by the policy, they were bound to perform; 2. That the vessel insured was not captured and condemned as in the declaration is mentioned; and, 3. That the vessel insured was not seaworthy: on which pleas is sues, we taken by the plaintiff.

There were, also, five special pleas, to which there were demurrers, all of which were allowed by the circuit court, except the one to the sixth plea, which, on a writ of error to this court, heretofore brought, was allowed here, and the cause then remanded to the circuit court, for further proceedings to be had therein. On the return of the cause to the circuit court, the defendants moved for leave to file two additional pleas; which motion was denied; and is now relied on as one of the errors for which the present judgment should be reversed.

This court does not think that the refusal of an inferior court to receive an additional plea, or to amend one already filed, can ever be assigned as error. This depends so much on the discretion of the court below, which must be regulated more by the particular circumstances of every case, than by any precise and known rule of law, and of which the superior court

MAR. IN. Co.
v.
HODGSON.
can never become fully possessed, that there would be more danger of injury in revising matters of this kind, than what might result now and then from an arbitrary or improper exercise of this discretion. It may be very hard not to grant a new trial, or not to continue a cause, but in neither case can the party be relieved by a writ of error: nor is the court apprized, that a refusal to amend or to add a plea was ever made. the subject of complaint in this way. The court, therefore, does not feel itself obliged to give any opinion on the conduct of the inferior court, in refusing to receive these pleas. At the same time, it has no difficulty in saying that, even in that stage of the proceedings, the circuit court might, if it had thought proper, have received these additional pleas, or admitted of any amendment in those already filed.

The court below having refused to receive these pleas, the trial proceeded on the three on which issues were joined; and the defendants offered, under them, or some of them, to prove that it was one of the rules of their office, that every order for insurance shall contain as full a description as can be given of the age, tonnage, and equipment of the vessel ; and that it was always their practice to make no insurance on a vessel beyond her reasonable value, according to the representation given of her age, tonnage, and equipment; and that such rule was known to the plaintiff; and that, to induce them to insure eight thousand dollars on the brig Hope, the plaintiff represented her as a stout, well built vessel of about 250 tons burden, and from six to seven years old, and that she was worth ten thousand dollars; in consequence of which, they insured her for eight thousand dollars; that, on the contrary, she was not a well built vessel of 250 tons burden, and was not from six to seven years old, but was more than eight and a half years old, and had been ill built; and that this difference between her true and her represented built, age, and tonnage, was material to the risks of the voyage insured. This evidence, being objected to, was deemed inadmissible; and this court is now called on to say whether, in this opinion, there was any error.

However desirable it may be to admit in evidence, <span>MAR. IN. CO.<br>v.<br>HODGSON.</span> on the general issue in an action of covenant on a policy of insurance, every thing which may avoid the contract, or lessen the damages, as is done in actions on the case, this court does not know that it possesses the power of changing the law of pleading, or to admit of evidence inconsistent with the forms which it has prescribed. No rule on this subject is more inflexible than that, in actions on deeds, all special matter of defence must be pleaded. Of this rule it is very certain, from a mere inspection of the record, that the defendants cannot allege ignorance. If every thing, then, which is relied on to avoid a contract under seal, must be pleaded, it will, at once, be conceded that none of the matter offered in evidence applied to either of the pleas. The defendants could not, thus set up an excuse for not doing that which, by one of the pleas, they professed to have done ; and, as to the other pleas, which denied the capture and seaworthiness of the vessel, it will not be pretended that any of this matter supported either of them. The same remarks apply to the second and third bills of exception. Neither fraud nor misrepresentation, as to the value of the vessel, or her age, or tonnage, could be received in evidence, under either of these issues, no more than infancy or coverture, on a plea of *non est factum;* for, most certainly, none of the matters here offered by the defendants, the rejection of which occasioned these exceptions, went, in any degree, to prove either of the pleas on which issue had been joined.

The fourth exception is to the refusal of the court to admit the deposition of William Murray, which appeared among the admiralty proceedings, and which was offered by the defendants to prove that the vessel was not in the due course of her voyage when she was captured, and the condition she was in, at the time of capture. As the defendants have not, in either of their pleas, relied on a deviation, it may be doubted whether any evidence of that fact were admissible; but, if it were proper, for the purpose of discrediting any testimony which had been offered by the plaintiff, to show where the Hope had been taken, it is not thought that

MAR. IN. Co.
v.
HODGSON.

the circuit court erred in instructing the jury that the deposition of Murray was not competent evidence to prove that fact. If all the proceedings in the admiralty had been read by the plaintiff without any previous agreement, on the part of the defendants, to save every objection to their contents, excepting the matter of authentication, the court will not say that the defendants might not have insisted on using any deposition, among the papers, which made in their favour: but, as the plaintiff could have read them for no other purpose than to prove the libel and condemnation, and must have attempted to prove no other fact by them, for which purpose it is expressly stated that they were offered, and as the defendants had, by their agreement, explicitly reserved to themselves every objection to their contents, it does not appear reasonable to permit them to select a deposition, as evidence f them, while the plaintiff could not have made use of that, or any other, if ever so favourable to himself. The circuit court, therefore, did not err in the instruction which it gave to the jury on this subject. This court cannot forbear remarking here, that it can never be necessary, in order to prove a condemnation, to produce any thing more than the libel and sentence; although it is a frequent but useless practice to read the proceedings at length.

The fifth exception is taken to a refusal of the circuit court to direct the jury to find damages for the value of the vessel, as agreed in the policy, and, conditionally, for her actual value, if, in the opinion of the court, it was competent for the jury, under any of the issues joined, to inquire into the real value of the vessel. As it had already been decided, and, as this court thinks, correctly, to receive no evidence of the real value of the vessel, there was no error in refusing to give this direction: and, although the plaintiff, at length, consented to permit the defendants to give evidence of the real value of the vessel, saving objections to the competency of such evidence, upon any of the issues of fact, and the jury, thereupon, found conditional damages, this court is of opinion that, as evidence of the real value of the vessel, under any of these issues, was incompetent, and as objections to its competency

were saved to the plaintiff, the circuit court did right
in giving judgment for the damages found by the jury,
according to the value of the vessel, fixed in the policy;
which judgment this court affirms with costs.