Martin, J.
delivered the opinion of the court. The defendants pray, that this cause may be remanded to the district court, under the 18th section of the act of 1813, ch. 47, which empowers this court to remand in all cases, in which it appears to them, that justice requires it: and in order to satisfy us, that justice does require it, their counsel alleges, that injustice was done below, by refusing him a continuance, in order to enable him to place before the court a piece of evidence, which was material to their defence, and which by accidents, without their control, after having used due diligence, they were disabled from obtaining early enough for the trial.
The plaintiff meets the defendants on the threshold, *498 by alleging, that the granting, or denial of a continuance, is a matter to which no right can exist, it being entirely a matter of favour and discretion.—And that the discretion of the inferior court below is, in this respect, under no kind of control.
1. The first authority, to which our attention is drawn, is a dictum of Lord Kenyon, that in an action on a penal statute, the court of the king’s bench, will not put off a trial for the plaintiff. 2 Tidd’s Practice, 708.
2. Next is introduced the case of Robinson vs. Smith, 2 Boss, and Pull. 454. in which the plaintiff claiming wages as a seaman, in a voyage from the West Indies, the defendant prayed a continuance, on account of the absence of a witness by whom he expected to prove, that the plaintiff was his slave. But the court denied the continuance, saying, the defence was an odious one, to which the court would not give any assistance, and that if the defendant were to offer to put it on the record, they should not give him a day’s delay.
3. Reference is made to 2 M’Nally’s P. C. 659, where it is laid down, on the authority of Poster 2, that the postponing of a trial is not a matter of right, and the court, in its discretion, may refuse or admit the motion.
*499 4. The decision of the court of K. B. in case of Rex vs. D’Eon, is also introduced, in which Lord Mansfield observed, that men take such a latitude in swearing in the common form, that when suspicion arises from the nature of the question, or from contrary affidavits, the court will examine into the ground, on which the delay is asked, and have in criminal, as well as in civil cases, refused to put off a trial, notwithstanding an affidavit in the common form.
Leaving aside the abstract proposition, that a continuance is not a matter of right, the authorities cited go but a little way, to shew that the discretion of the court, who is asked a continuance, is the arbitrary discretion, subject to no control, which the plaintiff’s counsel insists upon, and not the legal and sound discretion, the exercise of which is a matter of revision and control.
1. In the first case, we are informed, the court of king’s bench grants no continuance in favor of the plaintiff, in a penal action. Admitting this, justice does not appear to require, that the denial should absolutely be a ground of relief, in another court; while the plaintiff may (with some expense indeed) avert the consequent evil, by submitting to a nonsuit.
5. The case, cited from the court of common *500 pleas, shews only, that it is the practice of that court, (and the practice is the law of the court) to deny a continuance to a party who alleges the slavery of his opponent, and the court appears to have acted upon a known and previously fixed principle, by which its conduct was susceptible of being tested, rather than to have been guided by an arbitrary discretion, which knows no rule.
3. M'Nally informs us, that the postponing of a trial is not a matter of right, either when the application is made on the part of the prisoner, or on the part of the crown; he adds, for in either case the court, in its discretion, even tho’ an affidavit be made, may refuse or grant it. Here we are informed, why the party’s claim is not a matter of rigth, viz. because notwithstanding the affidavit, the court is not absolutely bound, but may in its discretion refuse or grant the continuance.
4. Lastly, in the case of Rex vs. D' Eon, we are informed by Lord Mansfield, of the cases in which the court will, in its discretion, withhold its consent, after the ordinary affidavit is produced, viz. when suspicion arises from the nature of the question, or from contrary affidavits, and the court, having examined into the ground on which the delay is asked, thinks it *501 rust not to allow it, notwithstanding the vit.
Opinions of the supreme court of the U. S. have also been introduced. C. J. Marshall, in 7 the case of Woods & al. vs. Young, 4 Cranch, 238, declared the impression of that court to be, that the refusal to continue a cause, cannot be assigned for error, asking whether the party had by law, a right to continue a cause in any case? Whether this was not merely a matter of favor and discretion? And in the case of Mar. Ins. co. vs. Hogson, the same court said, that on the refusal to continue a cause, the party could not be relieved by a writ of error. 6 Cranch 206.
The refusal of relief, in these two cases, was obviously grounded on a technical reason: that the party could not be relieved by a writ of error.
A writ of error, says Blackstone, is brought to correct an error, appearing on the record: the reasons which, induce the court to deny or grant a continuance, are often matters dehors, out of the record. The discretion of the inferior court is principally regulated in such a case by particular circumstances, of which the record affords no trace.
*502 A decision of the superior court of the late Territory of Orleans, in the case of the Territory vs. Nugent, has been referred to. There the court denied the continuance to the defendant, on an affidavit which it admitted was sufficiently strong. But the case shews the particular and cogent circumstances, which satisfied the court, that delay was the main object of the applicant. 1 Martin, 108.
We find nothing in the above cases to warrant the position, that the discretion of the court, in granting a continuance, is an arbitrary discretion, the ill exercise of which is not to be remedied by appeal: they only shew that there is no remedy upon a writ of error.
In ordinary cases, depending in the superior courts of Englang, a trial takes place at Nisi prius, it is there that a motion for a continuance: is made, and finally pronounced upon. The judge there exercises his discretion, but if he err in doing so—the party may be relieved on a motion for a new trial in the court, to which the postea is returned. “If” said Lord Mansfield, in refusing the continuance in the case of Rex vs. D’Eon, “it should appear upon “the case proved at the trial, that the defen“dant was prejudiced by refusing this delay, the court would set it right by granting a new *503 "trial.” Here then is a check provided, a remedy in case the discretion be incorrectly exercised.
In Virginia, if the party thinks himself aggrieved, by the denial of a continuance, the law has provided a remedy. The manner in which the discretion of the judge, who overruled his motion, exercised his discretion, is an object of inquiry. The principle is recognised, that in granting or refusing a continuance, the court ought to exercise a sound discretion, and if a party be ruled into a trial, when it appears from the facts stated in the bill of exceptions, that he was entitled to a continuance, the judgment will be reversed, even on a writ of error.
In every case in which the law leaves any thing to the discretion of an officer or a court, a sound and legal discretion is understood, not an arbitrary one.
New trials are left to the discretion of a court, "It is” says C. J. Glynn, “in the discretion of the court, in some cases to grant a new trial,” but this must be u judicial and not an arbitrary discretion. Sty. 466. This declaration is the more important, that the case in which it was made, is said to be the first in which a new trial was granted, 3 Morgan’s essays, 114.
Discretion, says Lord Cook, is discerning per legem quid sit justum. Discretion is a *504 science and understanding of distinguishing and discerning, between falsehood and truth, and not to do according to arbitrary will, and private affection, Rooke's case, 5 Co. 100 a. See on this subject, what was said by Lord Mansfield, in the case of Rex vs. Young & al. 1 Burrows, 560-2.
In the state of Pennsylvania, the discretion of a judge of the circuit court, in granting a new trial, is subject to the revision of the supreme court on an appeal. Byrd vs. Lessee of Darndall, 2 Binney, 9.
In the state of New-York, the supreme court held that an adjournment of a sale, to a different place, is a matter of discretion with the constable, and the question must always be wether that discretion has been abused. Whereupon they inquired into the conduct of the constable in the exercise of his discretion. Platt vs. Stone, 5 Johnson, 347.
In the case of Wanderville vs. Wilson, 5 Cranch, 17, C. J. Marshall observed that permitting amendments is a matter of discretion, but added he did not mean to say that a court may in all cases permit or refuse amendment without control.
We conclude that nothing in the books cited by the plaintiff’s counsel shews that the discretion *505 of the court in granting or refusing a continuance is any thing else "than a legal, a judicial discretion, which is not examinable elsewere, altho' it is certainly shewn that, in England and the courts of the United States, there is no remedy, in such a case, by a writ of error.
Approaching, therefore, the case cleared from any obstable thrown in the way by decisions of English courts—or of the courts of the American states: we find it laid down as a maxim of Roman jurisprudence, which still prevails in Spain, that the judge ad quem will correct the errorS of the judge a quo, even in interlocutory judgments or orders, whenever they occasion gravamen irreparabile—and the statute of this state (1813) authorises this court to remand the case, for a new trial, whenever justice appeal’s to require it. On this part of the case, we have only to consider this abstract question: Can the improper denial of a continuance occasion, in the words of the Roman law, irreparabile gravamen to the party? And, in those of our statute: Will not justice sometimes require that a cause should be remanded, for a new trial, when the judge a quo denied a continuance?
This abstract question we declare ourselves unable to answer in the negative. We find it answered, in the affirmative, by able judges in *506 England and in the United States, and we find no judge any where answer it in the negative: and we conclude that this court may, and ought to, inquire into the manner, in which the judge a quo exercised the discretion, committed to him, in allowing or refusing the continuance of a case, whenever the party appears thereby to suffer an irreparable injury.
In the present case, we are of opinion that the district judge exercised his discretion soundly and legally, and properly denied the continuance of the cause.
Years had elapsed since the inception of the suit, and the document, for the want of which the cause was sought to he continued, ought much earlier to have been looked for.
The motion to remand this cause must therefore be overruled.