The- opinion of the Court was delivered by
Tilghman, C. J.
This is a writ of error to the District Court for the city and county of Philadelphia, in which judgment was entered for John Prady, the plaintiff. Two errors have been assigned by the counsel for the plaintiff in error ;
*511 1st. That the assumption of the defendant is laid, in the declaration, on a time subsequent to the commencement of the action. .
2d. That the Court permitted the plaintiff to amend his declaration after judgment, by altering the time of the assumption, viz. the 1st May, 1819, and making it the 1st May, 1818.
1st. The first error assigned, is contrary to the record, because the declaration, as it now stands, lays the assumption prior to the commencement of the action ; and, after amendment, we must suppose that it originally stood so. The case, therefore, is reduced to the second error.
2d. Although the amendment was allowed after judgment had been entered, yet it was during the same term. But although it had not bet n during the same term, it would not follow that the Court had exceeded its power ; for amend? ments- have been allowed, not only afte'r the term, but even after error brought. In the case of Spackman v. Byers, in this Court, last December Term,* the Court permitted the record to be withdrawn for the purpose of giving an opportunity to the Court of Common Pleas of Chester county to amend the record. A verdict had been given, and judgment entered for a greater sum’ than the damages laid in the narr. "When the record was carried down, the plaintiff'below released part of the damages, and the judgment was amended so as to be conformable to the narr. After this amendment, the record was sent up again, and this term the judgment was affirmed here. In Bailey (in error) v. Musgrave, this Court affirmed the judgment of the Court of Common Pleas, who after verdict, had permitted the plaintiff to amend his declaration by altering the time of the assumption from June to March. That case was exactly similar to the present,except that the amendment was before the judgment; for the declaration, as originally drawn, laid the assumption after the commencement of the action. There can jbe no doubt that the District Court had power to allow this amendment; and if they had power, I do not see how this Court can inquire into the manner in which that power was exercised. It was an amendment at common law, granted by virtue of a power inherent in the Court, and exercised at its discretion, according to circumstances which cannot appear on the record. So that if this Court undertakes to examine the propriety of the amendment, it must do it without knowing the ground on *512 which the amendment was founded. A practice of this kind would do more harm than good. No precedent has been shewn of a judgment being reversed, because of an amendment allowed by an inferior Court of record. But we have the authority of the Supreme Court of the United States, in the case of The Marine Insurance Company of Alexandria v. Hodgson, 6 Cranch, 217, against assigning as error the refusal of an inferior Court to allow an amendment. There are many cases in which writs of error do not lie from decisions of the Courts of Common Pleas, such as granting, or refusing to grant, a new trial; opening, or refusing to open, a judgment; and motions of various kinds, in which parole evidence is heard, without placing it on the record. It is to be understood, that what I have said of amendments, is not to to be applied-to those which are directed by our act of assembly. The Court does not now decide, (for it is not necessary,) whether error would not lie in case of a refusal to allow an amendment to which a party was entitled by positive law. That is not the case before us. The opinion now given is, that the granting or refusing an amendment, in cases where the Court exercises a discretionary power, is not assignable as error. It follows, that the judgment of the District Court is to be affirmed.
Judgment affirmed.

 Ante.