*BROOKE, ALLEN, & CO.* vs. *LOUISIANA STATE INSURANCE COMPANY.*

APPEAL from the court of the first district.

In a policy of insurance, the written controls the printed part.

PORTER, J., delivered the opinion of the court.    This action is brought on a valued policy of insurance.    The plaintiffs claim the whole amount.    The defendants pleaded the general issue.    The cause was submitted to

a jury, who found a verdict for the petitioners for 4,500. Both parties appealed.

East'n. District.
*June*, 1826.

BROOKE,
ALLEN & CO.
*vs.*
LOUISIANA
STATE
INSURANCE CO.

The policy is in the usual form, and contains at the bottom the common list of *memorandum* articles. Underneath this enumeration there is written:

" This insurance is declared to be on cargo, valued at $11,000.

" Mules on and under deck against stranding or a total loss."

The defendants and appellants have made, in this court, the following points:

1. The valuation of the cargo, made by the plaintiffs was erroneous, extravagant and void. *Phillips on Insurance*, 306, and 307.

2. The risk insured against was not fully and fairly represented by the plaintiffs. *Ibid.* 80 to 83.

3. The constructive total loss is excluded in all memorandum articles. *Parke*, 112, 113, to 115; *Phillips*, 483 and 488; 8 *Cranch*, 39, and 46 to 50; 1 *Wheaton*, 219, and 224 to 232; 2 *Maule & Selwyn*, 371 to 375.

4. The loss insured against, even if the insurance had been in the body of the policy, was an absolute, natural, or physical total

East'n District.
June, 1826.

BROOKE,
ALLEN. & CO.
vs.
LOUISIANA
STATE
INSURANCE CO.

loss, not a legal, technical, or constructive total loss. *Marshall,* 414, *chap.* 13; *Phillips,* 382, 383, 489, 490, and 491 ; 6 *Massachusetts,* 465 and 471; 7 *Johnson,* 527.

5. In the construction of a policy of insurance, the written controls the printed part; and in the present policy the risk insured against is specified in writing. *Phillips,* 18 and 70; 4 *East,* 130, 135, and 140.

6. The destruction, or physical total loss *of a part* of the cargo insured, if it consist of memorandum articles, or articles insured against total loss only, does not amount to a total loss, so as to enable the assured to recover for the part so lost or destroyed. 1 *Wheaton,* 219; 7 *Common Law Rep.,* 39 to 43; 3 *Ibid.* 127.

7. In case of a total loss, the valuation fixed in the policy remains, unless overrated, but a partial loss opens the policy, and the value of the thing lost must be proved. *Phillips,* 305 and 313; *Park,* 111; *Marshall,* 203.

8. The case ought not to be remanded, inasmuch as it is admitted the vessel arrived at her port of destination with part of the cargo.

The first objection is, that the cargo was overvalued. Arguments of this kind come with a bad grace from underwriters, if there was no intention to defraud them. They receive a premium for the whole amount stipulated in the policy, and are benefited *pro tanto;* they should therefore bear the loss, if the contract was in good faith. If indeed, it appeared that the value given to the articles put on board was to enable the insured to profit, by destroying the property protected by the insurance, the contract would be avoided. But, apart from these considerations, we can see no reason on which the policy should be annulled, from the mere fact of the articles insured being valued too high; it rather affords an argument in case of total loss, from which fraud is to be inferred, than a ground, which *per se* avoids the contract. Nothing in the evidence enables the court to say that such was the intention of the parties to plaintiffs. They evidently intended to cover the profits they hoped to make if the cargo reached safely the port of destination. *Phillips on Evidence,* 306 and 307; 6 *Cranch,* 220; 5 *Ibid.* 110; 3 *Taunton,* 506.

East'n. District.
*June,* 1826.

BROOKE,
ALLEN, & co.
*vs.*
LOUISIANA
STATE
InsuranceCo.

BROOKE,
ALLEN, & co.
vs.
LOUISIANA
STATE
INSURANCECo.

The second, that there was misrepresenta-
tion of the nature of the cargo, appears to us
without any foundation. The description
given of it in the policy did not restrict any
portion of it to mules. The high rate of pre-
mium paid excludes the idea that information
was not given to the insurers of what the
cargo should consist. To avoid the contract
on this ground, would be to presume fraud,
without evidence affording any circumstances
on which it could be inferred; again, the de-
fence in the court below should have put the
plaintiffs on the proof of this fact. But no-
thing contained in the answer warned them
their claim would be contested on that
ground.

The third, fourth, fifth, sixth, and seventh
points will be considered together, as they
all depend on the proper meaning to be at-
tached to the words used at the foot of the
policy: " Mules on or under deck, against
stranding or a total loss."

It has been urged on the part of the plain-
tiffs, that mules are not memorandum articles.
They are certainly not generally considered
such, but there is nothing which prevents

them from being made so by the stipulations East'n. District.
June, 1826.
of the parties, and we think there can be no
doubt that they were intended to be made BROOKE,
ALLEN, & CO.
subject to the same rules by this policy. We vs.
LOUISIANA
can conceive no reason for inserting the STATE
INSURANCECo.
clause, unless something else was intended
than the responsibility created by the policy
in its usual form. The words used in rela-
tion to the articles of the memorandum, free
from average, unless general, are convertible
terms, " with responsible for a total loss ;" or
at least the latter words are as strongly
restrictive as the former.

Many cases have been brought before the
court, in which courts of justice have given
a construction to the expressions used in
policies, in relation to memorandum articles.
On several of these it seems to have been
considered, that there must be a loss of the
whole of the thing insured, to enable the as-
surer to recover; that if any part of the thing
protected by the policy reach the port of
destination, the insurers were not respon-
sible. In others, it has been held that where
the cargo consisted of separate and distinct
objects, a total loss of any part of it would
enable the assured to demand the value of

East'n. District,
June, 1826.

BROOKE,
ALLEN, & co.
vs.
LOUISIANA
STATE
INSURANCECo.

the object so destroyed.  *Phillips on Insurance,* 488 to 491; 1 *Wheaton,* 219 ;  6 *Massachusetts,* 119 ; 7 *Johnson,* 527; 15 *East,* 559; 7 *Taunton,* 154.

The weight  of authority appears to us nearly alike.   We therefore feel at liberty to adopt that construction which will best meet the intention of the parties ; for unless there be some technical principle of law which stands in our way, the obligation is imperative on us to do so.

It has been contended with great force, that the decisions of those court which have held *that a total loss of any part, was a total loss,* within the meaning of the policy were contrary to reason, and the very meaning of the words used: that such doctrine was confounding a partial with an entire loss; that the former was confessedly excluded from the risk, and yet the insurers, by a change of terms, were made responsible for it; that a part was less than the whole; and that the loss of the whole was only insured against.

This reasoning would be unanswerable, if by the expressions *a total loss,* were necessarily meant *a loss of the whole cargo* insured. But we do not understand, that in relation to

this contract, these expressions are converti-
ble. When used in relation to articles, other
than those styled *memorandum*, or in relation
to which a special agreement has not been
made, we know that a loss of the one half, is
considered in law a total loss. We know no
reason why they should not be restrained in
the stipulation before us, to what was the
intention of the parties. The memorandum
was introduced into policies, in consequence
of the peculiar tendency of certain articles to
decay. Now, in relation to a cargo, made up
of distinct and separate objects, which the
parties intended to place under the same
rules, if their object was not to render the
assurers responsible for any deterioration in
the value, but for the absolute destruction of
the thing insured, the words "total loss"
would be as readily resorted to, to express
that distinction as any other.

The evidence has satisfied us beyond doubt,
that such was the intention of the parties to
this contract. We do not believe that the
premium would have been paid, if the condi-
tion had been understood by the insured to
be, that if only one out of all the mules
he put on board, reached the port of destina-

East'n. District.
*June*, 1826.
〰〰〰
BROOKE,
ALLEN & co.
*vs.*
LOUISIANA
STATE
INSURANCECo.
tion, he was to sustain the loss. The object of this clause, it appears to us, was to prevent the insurers from being responsible for any injury short of absolute destruction of the mules.

According to these principles, the insurers were only responsible for the mules that perished before the port of destination was reached. As the policy, therefore, is opened by a loss less than the whole, we had doubted whether the verdict was not for a larger sum than the law would sanction; but, according to the latest cases, in adjusting the loss on a valued policy, the practice seems to be, that the amount of injury sustained by a loss of the part, is made in reference to the valuation of the whole in the policy. This course is certainly the most equitable, where the agreement, in its origin, was free from fraud. The jury do not seem to have erred. *Phillips on Insurance, p.* 313—319.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Morse* for the plaintiffs, *Eustis* for the defendants.