Mr. Justice Smith
delivered the opinion of the court.
I am not aware that it has ever been holden, that a refusal of a judge to grant a continuance is error. This power is committed solely to the discretion of the judge. See Woods & Broms v. Young, 4 Cranch, 237; Marine Insurance Company of Alexandria v. Hodgson, 6 Cranch, 206.
The defect pleaded in abatement by Robinson, existed in the declaration, though not apparent upon the face of it. The prayer of judgment, therefore, is proper, and no valid objection exists to it on that ground.
But the party pleading in abatement has not made defence. This is strictly a technical objection, and founded upon the artificial reasons which sustain the science of special pleading. De-fence, either half or whole, is required to be made before plea entered; which is a resistance or denial of the demand of the writ.
' .In all pleas which admit the jurisdiction of the court, to which class the one under consideration belongs, full defence is required. See Gould’s Pleadings, c. ii, ss. 6 and 10. And so long as the principles of special pleading are pursued, the defect here pointed out will form ground of special demurrer.
Pleas in abatement, as they prevent an examination into the merits of a cause, and defeat the writ, but do not bar the right of action, are unfavorably regarded by the courts. 2 Saunders, 209; 13 Gould’s Pleadings, c. iii, s. 58. And any objections to form or substance will be entertained against them. I am, therefore, clear that the court, in sustaining the demurrer for the first cause assigned, did not err.
Judgment must be affirmed.