Mr. Chief Justice Shaheev
delivered the opinion of the court.
This suit was instituted to the May Term, 1838, of the circuit court of Warren county, by the defendants in error,1 against F. McCaleb, the maker-, and the plaintiffs in error, and others, as endorsers of a promissory note. Process was not served on Henderson ; but an alias was afterwards shed out and executed. At the return term, however, two pleas were filed, non'assumpsit and payment, which professed to be for- all the defendants. The language of the first plea is as follows, to wit: « and the said de- *536 fen dan ts, by their attorneys, come and defend the wrong and injury when,” &c. That of the second.is: “and the said McCaleb, and the other defendants, by their attorneys, come and defend the wrong and injury,” &c. It is impossible-to limit, these pleas to any particular defendants. The latter ■ especially professes to speak for all of them. These pleas fall precisely within the rule established in the case of Ballard, Jones et al. v. Hunter & Murphey, decided at last January-Term, in which a plea beginning like these was held to be an appearance for all.the defendants, as well those who had not been served with process, as those who had. , These defendants were therefore all properly in court, and. the issuing of an' alias cannot change the' case. It may have been issued by mistake; it certainly was unnecessary.
The cause was continued'from time to time until January, 1840, when the defendants .below, Martin & Henderson, asked leave to amend their pleadings, and .tendered a plea verified by oath, that they did not make the endorsement on'the note;/which plea was refused by the court, and a bill of exceptions was therefore taken, and it is now assigned for error that the court refused to receive the additional plea-. ■ ■ , .
It becomes material, in the first place, to inquire whether the court was -bound to allow the amendment, or whether it was a matter over which the court had discretion. This point depends on the construction of the statute. The 99th’ section Rev. Code,-. 136, provides, that “ the .courts (of law have full power and authority to order and allow amendments to be made in all proceedings whatsoever before verdict, so as' to bring the merits of the question between the parties fairly to trial, and if amendment is made after the jury is sworn, a juror shall-be withdrawn,- and in all cases, where amendments are made, the adverse party shall have time allowed him, in the discretion of the court, to prepare to support his case upon the state of the proceeding so amended, and such costs shaíl'be allorved/’.&c. Amendments by the common law were such alterations in the proceedings as the courts chose to permit the parties to rnake before trial. As they related merely-to the means of attaining justice,-they may be said to have had their origin in the discretion of the courts., -The whole doctrine of amendment is a doctrine of practice merely, and as *537 such has of course sprang up at the volition or permission of the courts of justice. And although the rules in relation to amendments may be as well settled and as well defined as any other rales of practice, yet they are still in a great degree subject to the discretion of the courts. This must be so, so far as they were adopted as rules of discretion, so they must remain until changed by statutory regulation. It was thought, however, that the English courts did not go far enough in allowing amendments to be made, and several statutes were passed, authorizing them to go further than by the practice they had felt authorized to go.— These statutes, however, did nothing more than confer the power on the courts; they were not required to exercise it as a matter of right to the parties; but authorized to allow amendments if justice seemed to require that they should be made; so that in reality nothing was changed except the extent to which amendments might be allowed. Hence we find it laid down by elementary writers, even since these statutes, that “ amendments are in the .discretion of the. court.” I apprehend that our statute cannot be construed to go further. It professes to do nothing more than confer power on the court. It does not say that the court shall allow amendments, but that it “shall have power and authority” to do so. But that this statute does not interfere with the. discretion, is manifest for another reason. For what purpose is the court authorized to allow amendments? “To bring the merits of the question between the parties fairly to trial.” If an amendment offered be not calculated to do this, the court may rightfully reject it. The court must necessarily therefore have discretion in deciding whether the amendment be material or not. Otherwise the party might encumber the record and embarrass the proceeding uselessly, and from captious motives.
If we are not mistaken, then, in supposing that-our courts have a discretion in allowing amendments, it only remains to determine whether the exercise of that discretion is ground of error. In doing this, we need only refer to the authorities. The question is not entirely a new one .in this court. In the case of Babcock, Garden, & Co. v. Scott & Robinson, 1 Howard, 100, a refusal to grant a continuance was held not to be error, because it was a *538 matter within the discretion of the court. In Newman v. Foster’s heirs, 3 Howard, 383, it was held, “ that the allowance of amendments is not a matter for which error will lie.” In Connecticut, error does not lie to correct the decision of the court in matters over which it has discretion, 1 American Digest, 137. In North Carolina the refusal of an inferior court to allow pleadings to be amended, or to continue a cause, or any other exercise of a discretionary power, is not cause of error. 3 American Digest, 303. And so it has been decided in Maryland and New Jersey, 5 Amer. Digest, 313. In the case of The Marine Insurance Company v. Hodgson, 6 Cranch, 206, the Supreme Court of the United States held that the refusal of an inferior court to receive an additional plea, or to amend one already filed, could never be assigned as error. This decision was adhered to by the same court after-wards. United States v. Buford, 3 Peters, 13. However well this rule may be settled, yet it would perhaps be going too far to say that it is without an exception. In the case of Mandeville & Jameson v. Wilson, 5 Cranch, 15, Chief Justice Marshall observed, “ that the permitting amendments is a matter of discretion. He did not mean to say that a court may in all cases permit or refuse amendments without control. A case may occur where it would be error in a court, after having allowed one party to amend, to refuse to suffer the other party to amend also before trial.” It is not necessary for us in the present case to say that there might not also be other exceptions. Perhaps a perverse refusal in the first instance to allow amendment, where justice absolutely required it, and where the party wishing to amend had not been in fault, might be subject to the control of an appellate court. It is not now necessary, however, so to decide, since the present case does not present such a question. ' Here the party applies to amend his own faults. Under the English practice a distinction was taken in allowing amendments, between the mistakes of the party and the mistakes of the clerk. Less latitude was allowed in the former than in the latter case. Green v. Kennet, 1 Dunford & East, 783. For this reason, as well as for the lapse of time which intervened between the appearance and the application to amend, we are the less inclined to disturb the judgment. The parties appeared at the return term and presented two issues, non *539 assumpsit and payment, and nearly two years afterwards they come in and wish to deny the making of the endorsement under oath. If that fact were true, they certainly were informed of it at the outset. By allowing the amendment the onus would have been changed from the defendants to the plaintiffs, and additional delay would iii all probability have been the consequence. The parties cannot complain of a hardship which was so easily averted, and which they have brought on themselves by their own fault.
The judgment must be affirmed.