STATE, WILLIAM ALBERT, PROSECUTOR, v. JOHN HART AND NELSON PEARSOLE.

1. The Court of Common Pleas has the power to grant a new trial after the trial of an appeal from the court for the trial of small causes. *Pamph L.* 1881, *p.* 259.
2. Where a new trial has been granted after the trial of an appeal, this court will not review such discretionary order on *certiorari*, where it does not appear that the court below has exceeded its jurisdiction, or assumed a power not warranted by law.

On *certiorari* to the Court of Common Pleas of Middlesex county.

Albert v. Hart.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *E. W. Strong.*

For the defendants, *H. McSherry.*

The opinion of the court was delivered by

SCUDDER, J.   This case was tried on appeal from the justice's court to the Court of Common Pleas, and a judgment rendered for the plaintiff.   At the same September Term, 1881, the defendants moved for a new trial, whereupon the judgment entered was set aside and a new trial granted.

Although a new trial was prohibited in such case by a former statute, the power to grant a new trial after the trial of an appeal in the Court of Common Pleas, has now been conferred by a law approved March 25th, 1881. *Pamph. L., p.* 259.

The grounds on which the application for a new trial were based, were surprise and merits.   The court, with the statements, papers and facts before them, granted a new trial, in the exercise of the power given them by the statute, and by the discretion conferred on them by the practice in our trial courts.

It has long been the settled practice in the courts of this state, that the granting of new trials is a matter of discretion with the court where the trial is had, and their action in granting and refusing them is not reviewable in error.

There have been conflicting rulings and much discussion of this subject in other states.  Mr. Powell, in his book on Appellate Proceedings, says that this doctrine has passed through a great, though very gradual, revolution, (§ 118); and he discusses the subject at length in Appendix, note II. But he admits that the Supreme Court of the United States, and the House of Lords and other courts of England and some of our state courts, have held firmly to the rule that what

are called discretionary decisions will not be reviewed upon error. *Marine Ins. Co.* v. *Hodgson*, 6 *Cranch* 206 ; *Mellish* v. *Richardson*, 9 *Bing.* 125 ; *Gray* v. *Bridge*, 11 *Pick.* 188.

In *People* v. *Sessions of Chenango*, 2 *Caines' Cas.* 320, Kent, J., says : " The power of awarding new trials on merits is a power necessarily resting in sound discretion. The reasons of the exercise of that discretion are not stated in the record, and not susceptible of review by this court."

The propriety of the rule is shown by the present proceedings, where a state of the case has been agreed upon by the counsel, without any opinion, ruling or certification by the Court of Common Pleas, that the facts stated outside the record are the true grounds upon which the rule for new trial was granted. While this court may review the decisions of inferior courts whenever they exceed their jurisdiction or assume a power not warranted by law, yet this should appear on the record, or be so certified to us by the court below that there may be no mistake as to the position of the court against whose ruling the complaint is made.

The rule will be dismissed, with costs.