Carr, J.
The proper court of probat, in 1785, admitted the paper purporting to be the will of William, Boyd, to full probat, had it recorded, and granted administration under it. There has never been any bill filed, or attempt made in any other form, to impeach it. And, in 1823, thirty-eight years after the prohat, it is objected, that this will shall not he introduced in evidence, in a contest about the lands held under it. I do not think this objection can be sustained on any ground. In Bagwell v. Elliott, 2 Rand. 198. West v. West, 3 Rand. 373. and Nalle v. Fenwick, 4 Rand. 585. this court decided, that a will admitted to probat by the proper court, could only be contested by hill; and that, no party appearing within seven years to contest the will, “the probat shall be forever binding.” The circuit court, therefore, committed no error in suffering this will to go to the jury. Nor can I see what possible effect the instrument indorsed on the will could have: it could neither add to nor take from the will, being merely the assent of the heir.
The second, bill of exceptions states, that the defendant-introduced witnesses for the purpose of proving, that he had been in possession of the land in controversy, more than twenty years: and then moved the court to instruct the jury, that the plaintiff could not support ejectment, unless he, or those under whom he claimed, had been in actual possession of the land within twenty years. The court refused, but instructed the jury, that if it should be of opinion, that the defendant had had adverse possession of the land, for twenty years before the institution of the suit, such possession would bar the plaintiff’s right to recover in this action. Ejectment is an action of trespass. When first this remedy was applied to the trial of disputed titles, the term was created, by the party claiming title making an actual entry upon the disputed premises, accompanied by another, to whom, while on the lauds, lie sealed and delivered a lease for years. It *294 is from the necessity of this entry, that the remedy by ejectment is confined to cases, in which the claimant has a right to the possession: where only a right of property, or a right of action, remained to him, the entry would be illegal, and of course not sufficient to enable the party making it, to convey a title to his lessee. And, as the principles of the action remain the same, though the proceedings be changed, the right to make an entry is still requisite, though no actual entry be now necessary. Whatever takes away this right of entry, and turns it to a right of action, deprives the claim» ant, of the remedy by ejectment, though the legal title may still remain in him. Our statute of limitations (following 21 Jac. 1. c. 16. § 1.) enacts, that “no person, who hath any right or title of entry into any lands &cc. shall make any entry but within twenty years after such right or title accrued saving to persons under the disabilities enumerated in the proviso, ten years after such disabilities removed. The possession of the defendant gives him a right against every man who cannot establish a good title: the plaintiff, therefore, must recover on his own strength. The defendant may meet his claim, either by shewing title in himself and those under whom he claims, or he may rest intirely on his possession: when he does this last, he must shew in himself and those under whom he claims, a possession of twenty years adverse to the claim of the plaintiff. When ho relies on possession, the idea of right is excluded. 9 Johns. Rep. 180. Nothing less, therefore, than the twenty years required by the statute, will do; nor even this, if the plaintiff can bring himself within any of the savings. The circuit court, then, was right in refusing to instruct the jury, that the plaintiff must shew actual possession within twenty years; and the instruction given would have been intirely correct, if after telling the jury, that twenty yéars adverse possession, if proved by the defendant in himself and those under whom he claimed, would bar the plaintiff’s action, the court had added, unless the plaintiff could bring himself within some saving of the statute. This omission however *295 k of no moment, as the plaintiff against whom it was calculated to operate, was satisfied with it.
Then, as to the third exception. In the case of Bennett v. Hardaway, 6 Munf. 125. there was a verdict for the plaintiff on the general issue : a motion for a new trial was made, and overruled: the defendant excepted to the opinion of the court, and prayed that the evidence might be certified of record, and that being done, appealed. This court, upon reasons given at large, shewing the inconvenience of the practice, was of opinion, that the bill of exceptions, because it brought up the whole evidence, was not properly taken, and therefore furnished no ground to reverse the judgment: it therefore affirmed it. But, taking up a point not then before it, the court proceeded thus: “Whether a party can, on overruling,a motion for a new trial, on the alleged ground of the verdict being contrary to evidence, require the judge to state in a bill of exceptions, the facts as they appeared in evidence to him, and carry up the caso to the appellate court thereupon, is a different question. We are inclined to think, it has been affirmatively settled, by the admissions of this court, and the practice of the country.” After several further remarks, tending to shew the advantages of this mode of proceeding over the other, the court concluded thus: “For this reason, and because we see none of the evils resulting, which exist in the case before us, we should be disposed to entertain a bill of exceptions of the description last mentioned.” I do not consider this case as settling, authoritatively, the question, whether an appellate court can reverse the decision of an inferior tribunal, refusing a new trial moved for on the ground of a verdict being contrary to evidence; nor have 1 met with any case in our books, where the point has come directly before the court, and been discussed and examined: yet it seems to be considered as settled, and (my brethren think) correctly settled by the above case, and others that have since passed sub silentio. If this were still an open point, I confess I should think, with the supreme court of *296 the U. States,* that an appellate court ought not to review the decision of the court who heard the evidence. It seems to me impossible, that any certificate, either of the whole evidence, or of the facts which the court may certify as proved, can give to the appellate court such a view of the real ground, as to enable it to pronounce upon the judgment of the court below: it cannot see or hear the witnesses : and when the jury has found the verdict, and the court which presided agrees with it, I should think it safest for the ends of justice, and best for the parties, that there should be an end to the matter. This, however, is my opinion simply s the point is considered as settled differently.
But still, I think, the court, in the case before us, committed no error in refusing the certificate asked for. The counsel (it will be remarked) did not ask for a certificate of all the facts that were proved, touching the adverse possession, but of such facts only as went to establish his adverse possession. If the court had complied with this request, we should have been presented with the evidence on one side only, all the countervailing evidence, being shut out. The very reason which the court gives, for refusing to certify as requested, shews that it so understood it; such evidence (it said) would be insulated. The court was clearly right in refusing to give this one-sided certificate.
I think the judgment must be affirmed ; with less hesitation, indeed, as this is an action in which a judgment does not preclude another trial of the right.
The other judges concurred; and the judgment was affirmed.

 That court has repeatedly so decided, and that in cases from Alexandria, where the law of Virginia is the law of the land. Henderson v. Moore, 5 Cranch, 11. Marine I. C. v. Young, Id. 187. Same v. Hodgson, 6 Cranch, 206.