Samuels, J.
This case grows out of a contest *675 about the succession to the estate of Jesse Ballow deceased; the appellees, who were complainants and are of the next of kin, allege an intestacy; the appellants, defendants below, claim under an alleged will.
It is averred in the original bill, that the paper called the will of Jesse Ballow, had been propounded for probat, in the County court of Cumberland county, by William T. Ballow and Jane Booker, two of the legatees named therein, and that probat thereof was refused by that court: That the will was at a subsequent day again offered for probat in the Circuit superior court of law and chancery for Cumberland county, by which court the paper was admitted to probat; and that the property of the decedent had been sold by the persons named as executors in the will. This bill prays for an issue devisavit vel non, and for general relief. The amended bill avers substantially the same facts with more minuteness of detail, and prays for an account of the.estate, and for general relief; waiving every thing in the original bill inconsistent with the amended bill.
It may be conceded that a bill praying an issue devisavit vel non ought properly to ask for nothing else; yet if it should go into a statement of facts which show that the issue is not necessary, but that other relief would be appropriate, I am of opinion the court should not dismiss the bill for multifariousness, but should retain it for a hearing upon the merits. In this case, upon the facts stated in the original bill, and repeated in the amended bill, under the prayer for general relief in each, the Circuit court was warranted in hearing the case on its merits.
It appears in the record of the proceedings of the County court in the matter of Jesse Ballow’s will, which is made part of this record, that the will was propounded for probat by parties claiming interest under it; that a contest was had about its validity; *676 and that the court rejected it because of Jesse Ballow’s incompetency to make a will. From this sentence and judgment no appeal was taken, nor any writ of error or supersedeas sued out. At a later day the same paper -was propounded for probat by the parties claiming interest under it in the Circuit superior court of law and chancery for Cumberland county, by which court the paper was admitted to probat. The record of the Circuit court, (made part of this record) shows that the proceeding was had therein in the exercise of its original jurisdiction, as distinct from its appellate jurisdiction. It moreover appears that the Circuit court acted with full knowledge of the previous sentence and judgment of the County court.
Thus the question is presented, whether the sentence of a court of competent jurisdiction rejecting a will, is conclusive upon all courts of concurrent original j urisdiction ; and whether a court of concurrent original jurisdiction, which has also appellate jurisdiction, may, in the exercise of original as distinct from appellate jurisdiction, annul such sentence, not by reversing it, but by pronouncing an inconsistent sentence ?
In considering these questions, I shall regard the will as disposing of both real and personal estate; not deeming it material to enquire whether the decedent owned any real estate, and if he did, whether the paper propounded, if good as a will, disposed of such estate.
.At an early period of the law there was a wide difference in the mode of proving a will of real estate and one of personal estate. Whenever the existence of the former was drawn in question, it was necessary to prove it. There was no tribunal with authority to stamp it in advance with verity; and it was therefore necessary to prove it according to the law of evi *677 dence as often as occasion required; nor did such. proof have any effect beyond the particular case in which it was heard. The law in regard to a will personal estate was widely different. Such will was governed by the ecclesiastical law; and that law provided tribunals which had exclusive cognizance of all questions touching the factum of such will. A sen-fence of one of these tribunals admitting it to probat, was conclusive on all parties and others, and upon all courts, until revoked or reversed according to the practice of those courts.- So a sentence declaring the nullity of an alleged will was in like manner conclusive until revoked or reversed according to the same practice. See 4 Burns’ Ecclesiastical Law 176, Probat.
It would be difficult if not impracticable to ascertain when and by what authority jurisdiction in the matter of probat of wills of either kind was first conferred on the temporal courts in Virginia. We may suppose, however, that it was first done by the colonial council acting under authority of royal charters and instructions from the crown. Whether jurisdiction over both classes of wills was conferred at the same time or at different times, it would be useless to enquire, even if enquiry would be likely to lead to any result.
At an early day we find that the General court at Janies City had jurisdiction over the probat of wills of both classes; and soon thereafter, we find this jurisdiction conferred also upon the county courts. See Hen. Stat. at Large 302, act 9 ; 2 Id. p. 359, act 11; p. 391, act 8 ; 4 Id. p. 12, chap. 2 ; 5 Id. p. 231, chap. 6; p. 454, chap, 5»
As the effect of a sentence rendered by a court of probat of wills of personalty, was well defined and well known, it is but reasonable to infer that when wills of realty were required to undergo the same *678 ordeal, they should in all things stand upon the same footing as wills of personalty, except insofar as otherwise provided. That this result would have followed, the general assembly obviously thought, and therefore provided the means of securing to the heir at law a more deliberate and careful trial before his inheritance should be taken from him by a will. See statutes above cited.
There is, however, nowhei’e to be found in the early legislation on the subject, any provision whereby a devisee or legatee might again pi’opound a will which had been once rejected by a court of probat. Possibly the general assembly may have supposed that the powers of a court of probat as originally constituted, would extend over the new subject brought under its jurisdiction, and that a sentence of nullity might be revoked by the court which pronounced it. Or they may have intended to give the heir at law and next of kin the benefit of a sentence against the propounders, who, in their own time, after such preparation as they thought proper to make, offered a will for probat which they could not sustain. It is useless in this case to consider whether a repropounding might have been had before the County court of Cumberland, as it was not attempted.
This court has decided, very frequently, that if a court of competent j urisdiction shall admit a will to probat as a Will of lands, which appears upon its face, or upon the record of the probat, not to have been duly executed as a will of lands, still the sentence is binding upon all concenied in interest, and upon all courts as long as the sentence remains in force. That such is the law is regarded as well settled. See Bagwell v. Elliott & wife, 2 Rand. 190, Judge Green’s opinion ; West v. West's ex'ors, 3 Rand. 373, 386; Nalle v. Fenwick, 4 Rand. 585; Vaughan v. Green's lessee, 1 Leigh 287 ; Street's heirs v. Street, 11 Leigh 498 ; Par *679 ker's ex'ors v. Brown's ex'ors et als. 6 Gratt. 554; Robinsons v. Allen and others, 11 Gratt. 785.
It seems to be equally true that the sentence of such court rejecting a will, even if duly executed, must be conclusive until reversed. To hold otherwise would be to hold that the conclusiveness of a judgment is not to be determined by looking to the jurisdiction of the court in which it was rendered, but by looking to the fact whether the sentence is for or against the will; if for the will, it is binding; if against it, then it is open for enquiry. This, however, is not admissible in regard to any judgment, and least of all in regard to judgments in matters of probat.
We have the authority of most respectable legal opinions, in addition to the judicial sanction of this court, for maintaining that the conclusiveness of a sentence in a matter of probat, is not limited to a case in which the will is admitted to probat, but that it extends also to cases in which wills have been rejected. See 3 Lom'. Dig. p. 86, new ed. In Bagwell v. Elliott, 2 Rand. 190, 200, Judge Green says, “if a will offered for probat was contested and rejected, this might be used thereafter as the decision of a competent judicial tribunal, and would condemn it forever.” In Coalter v. Bryan, 1 Gratt. 18, 76, 77, 78, Judge Baldwin expresses the opinion that the sentence of a probat court whilst in force is binding upon all persons and courts, whether the will be of realty, or personalty, or both, and this whether the will be admitted or rejected. The case of Wills v. Spraggins, 3 Gratt. 555, cannot be regarded as having the authority of a binding precedent. There were four judges upon the bench, one of whom dissented. Another put his concurrence in the judgment upon the ground that looking into the record of the first judgment he was of opinion it was rightly rendered, and therefore the judgment over *680 ruling the attempt to obtain a different decision should be affirmed. Another concurred in the results of the opinion delivered. Thus, the reasons for the opinion can be regarded as those of only the judge who delivered it. Yet we must give to those reasons, so far as applicable to the facts of this case, their just weight, and, in my judgment, they show conclusively that the sentence of the probat court rejecting the will before us, being not reversed, is binding upon all persons and upon all courts in which the question comes up collaterally.
The case of Schultz v. Schultz, 10 Gratt. 358, decides that the sentence of a probat court, when acting within its jurisdiction, rejecting a will when offered for probat, is conclusive against the exercise of original probat jurisdiction in the same court, and it would seem a fortiori against such jurisdiction in another court.
It was said in the argument here, that this court must have regarded the second sentence in Schultz v. Schultz as having some effect, otherwise it would not have reversed it;. that it would, have been absurd to reverse a mere nullity. The answer to this argument is obvious; the proper parties were before the court; the subject within its jurisdiction : the court could therefore do nothing but affirm or reverse. The court below decided that the unreversed sentence rejecting the will of 1S28 was not binding, and overruled the defense founded thereon; it further decided to take cognizance under its original jurisdiction of the matter passed on by the first sentence, and rendered a different sentence, the first not having been reversed. It was the duty of this court to correct all errors in the record, and to pronounce such sentence as the court below should have pronounced. In the judgment of this court it was error to disregard the sentence of rejection then in full force; to overrule the *681 defense of the contestant founded on that sentence; to take cognizance of the case as it stood; to pronounce an original sentence in a matter over which no probat court could any longer exercise original jurisdiction. To correct these errors it was necessary to reverse the sentence; for if the appeal had been merely dismissed as improvidently allowed as the counsel suggest, the judgment of the court below would have remained untouched. The contestant had shown a valid defense against the last sentence, yet the defense was erroneously overruled, and judgment rendered. It was the right of the appellant to have it removed out of her way at once, and not to have it left as the means of getting up further litigation involving a question as to the comparative force of the conflicting sentences.
This case, in my judgment, is a conclusive authority to show that the sentence of a court of probat of competent jurisdiction rejecting a will when propounded for probat is conclusive whilst it remains in force. The two judges who dissented' in the case did not differ from the majority in regard to the general principle; but upon the ground that in the particular case the reasons of the judge below — placing his judgment upon the want of jurisdiction and not upon the merits, should be looked to; and that therefore the rejection was not final and peremptory.
The cases in this court in regard to grants of administration, although not bearing directly upon the question here, yet seem to illustrate the general principle that the judgment of a court of general jurisdiction over the subject is conclusive until it is avoided, or expires by its own limitation; and this although the facts of the particular case were not such as to give the court jurisdiction over that case. Fisher v. Bassett, 9 Leigh 119; Burnley’s rep. v. Duke, 2 Rob. R. 102.
*682 Considerations of public policy require that all questions of succession to property should be authoritatively settled. Courts of probat are therefore organized to pass on such questions when arising under wills; and a judgment by-such court is conclusive whilst it remains in force, and the succession is governed accordingly. A judgment of this nature is classed amongst those which in legal nomenclature-» are called “judgments in rem.” Until reversed, it binds not only the immediate parties to the proceeding in j which it is had, but all other persons, and all courts. 3 Lom. Dig. 86, new ed.; 1 Starkie on Evi. 228; Coalter's ex'or v. Bryan, 1 Gratt. 18; Wills v. Spraggins, 3 Gratt. 555 ; Schultz v. Schultz, 10 Gratt. 358.
In my opinion, the Circuit court correctly decided that Jesse Ballow was dead intestate, and that his next of kin were entitled to an account of his estate at the hands of parties claiming under color of a will, who had taken possession of the estate.
I am of opinion to affirm the decree.
The other judges concurred in the opinion of Samuels, J.
Decree affirmed.